UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-147-DLB-CJS

KYLE BEACH                                                                                           PLAINTIFF

**ORDER and**
v.                          **REPORT AND RECOMMENDATION**

EQUIFAX INC.                                                                             DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Equifax Inc.'s Motion to Dismiss Plaintiff Kyle Beach's Complaint Under Fed. R. Civ. P. 12(b)(6) (R. 9) filed on December 21, 2023. Equifax Inc. maintains Plaintiff's claims against it for alleged violations of the Fair Credit Reporting Act ("FCRA") must be dismissed because Equifax Inc. is not a consumer reporting agency subject to the FCRA.

On December 28, 2023, Plaintiff filed a First Amended Complaint and Jury Demand (R. 10). Under Federal Civil Rule 15(a)(1), a party may amend its pleading "once as a matter of course" within 21 days after service of a Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff apparently does not dispute Equifax Inc.'s basis for seeking dismissal because Plaintiff's Amended Complaint now joins Equifax Information Services LLC as the named defendant consumer credit reporting agency that allegedly violated various sections of the FCRA and omits Equifax Inc. as a defendant. (*See* R. 10). That a new defendant is added to the case in the First Amended Complaint does not alter Plaintiff's ability to amend as a matter of course pursuant to Civil Rule 15(a)(1). *See Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 544 (E.D. Mich. 2015) (finding that leave from the court via a Federal Civil Rule 21 motion is unnecessary if the 21-day

window to amend under Rule 15(a) has not expired); *Huff v. AGVO Corp.,* No. 5:17-CV-354-KKC, 2018 WL 2113195, at *3 (E.D. Ky. May 8, 2018); *Courser v. Allard,* No. 1:16-CV-1108, 2018 WL 2447970, at *9 (W.D. Mich. May 31, 2018) ("Rule 15(a)(1) provides a plaintiff an absolute right to amend his complaint to add or drop a party without leave of court, so long as the amendment is filed within the applicable 21-day period"); *see also Broyles v. Corr. Med. Serv., Inc.,* No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009). In this case, Plaintiff Beach has filed his First Amended Complaint and Jury Demand (R. 10) within the applicable 21-day period. Therefore, he has successfully added Equifax Information Services LLC as a defendant via his First Amended Complaint.

In addition, Plaintiff's First Amended Complaint omitting Equifax Inc. as a defendant supersedes his initial Complaint. *See Hayward v. Cleveland Clinic Foundation,* 759 F.3d 601, 617 (6th Cir. 2014) ("Generally, amended pleadings supersede original pleadings."); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1476 (3d ed. updated July 7, 2023) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies. . . ."). In light of this procedural posture, Defendant Equifax Inc.'s Motion to Dismiss directed to Plaintiff's initial Complaint and Jury Demand (R. 1) is rendered moot. *See Am. Guar. & Liab. Ins. Co. v. CTA Acoustics, Inc.,* No. 6:05-CV-80-KKC, 2008 WL 1924229, at *2 (E.D. Ky. Apr. 29, 2008) ("It is generally held that, because the amended complaint supersedes all previous complaints and becomes the only operative pleading, it renders moot any pending motions to dismiss the original complaint."). Moreover, because Plaintiff no longer asserts claims against Equifax Inc. in this action, it will be recommended that Equifax Inc. be dismissed as a party.

Accordingly, **IT IS ORDERED** that Defendant Equifax Inc.'s Motion to Dismiss Plaintiff Kyle Beach's Complaint Under Fed. R. Civ. P. 12(b)(6) (R. 9) is hereby **denied as procedurally moot.**

Further, **IT IS RECOMMENDED** that Defendant Equifax Inc. **be dismissed** from this case in light of the First Amended Complaint filing and that the Clerk of Court **be directed** to term Equifax Inc. as a named party on the docket sheet and to term Equifax Inc.'s counsel on the docket sheet and remove him from the case electronic service list.

Particularized objections to the Report and Recommendation portion of this document must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal. *Howard,* 932 F.2d at 509. A party may respond to another's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

This 2nd day of January, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2023\23-147-DLB order & RR addg D & dnyg MTD.docx

3